Filed 9/30/20  In re Christopher H. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re CHRISTOPHER H., JR., et al., Persons Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES,<br><br>      Plaintiff and Respondent,<br><br>              v.<br><br>G.G.,<br><br>      Defendant and Appellant. | F080663<br><br>(Super. Ct. Nos. JJV072220A, JJV072220B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Robin L. Wolfe, Judge.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Detjen, Acting P.J., Franson, J. and Snauffer, J.

Appellant, G.G. (mother), mother of now five-year-old Christopher H., Jr., (Christopher) and three-year-old Nicolas H., appealed from the juvenile court's December 23, 2019 orders denying her modification petition under Welfare and Institutions Code section 388[1] requesting reunification services (section 388 petition) and terminating her parental rights.  After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf.  This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother submitted a letter in which she informs this court she is fully engaged in recovery from substance abuse and participating in parenting classes.  She asks for an opportunity to be a part of her children's lives and to prove she can be accountable for her actions.  She does not, however, allege the juvenile court erred in denying her section 388 petition and in terminating her parental rights.

We conclude mother failed to set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing.  (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)  Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in March 2019 after the Tulare County Health and Human Services Agency (agency) received a referral mother was using methamphetamine, was homeless living out of a car and smoked drugs in the car with the children present.  Mother admitted using methamphetamine although not in front of the children.  She also admitted a history of selling drugs.

The agency took the children, then three-year-old Christopher and 20-month-old Nicolas, into protective custody and filed a dependency petition on their behalf, alleging

---

[1]     Statutory references are to the Welfare and Institutions Code.

mother's drug abuse (methamphetamine and marijuana) placed them at a substantial risk of harm and their father, Christopher H., Sr., (father), was incarcerated and did not provide for their support. (§ 300, subds. (b) & (g).) Father was in state prison, serving time for several violent crimes with gang enhancements. His expected release date was in 2025.

Although this was the first dependency petition filed regarding the family, the agency received referrals dating back to July 2017, when mother tested positive for marijuana while giving birth to Nicolas. The agency received a referral regarding caretaker absence in December 2017, when mother was arrested for possession of a firearm and possession and sale of methamphetamine. The referral was deemed inconclusive and unfounded because the children were not present when mother was arrested and had left the children with family members. In January 2018, the family court asked the agency to investigate after the parents were incarcerated. The agency closed the referral after the maternal aunt was given temporary legal guardianship of the children. In January 2019, mother was released from custody and resumed custody of the children but violated the terms of her probation by testing positive for methamphetamine and marijuana. On February 23, 2019, mother was arrested on two warrants in Tulare and Kings Counties. She was released after serving 30 days in jail. The agency was contacted on March 25 after mother left the children with relatives who were not able to care for them.

The juvenile court ordered the children detained and offered mother substance abuse, mental health and parenting services. The children were placed together in a foster home where they remained.

On May 14, 2019, the juvenile court found the allegations true, adjudged the children dependents of the court and set the matter for a dispositional hearing.

The agency reported that mother, then pregnant, was not visiting the children or taking advantage of the services offered at the detention hearing. She enrolled in an

3

outpatient drug treatment program in early May 2019 but was discharged from the program. The agency recommended the juvenile court deny the parents reunification services, mother under section 361.5, subdivision (b)(13) because of her untreated drug abuse and father under section 361.5, subdivisions (b)(12) and (e)(1) because of his violent felony convictions and incarceration.

On July 1, 2019, the parents submitted on the agency's recommendations at the dispositional hearing. The juvenile court denied reunification services as recommended and set a section 366.26 hearing for October 28, 2019. Neither parent sought extraordinary writ relief. (Cal. Rules of Court, rules 8.450–8.452).

On September 17, 2019, mother was arrested on outstanding warrants and remained incarcerated until October 18, 2019. While incarcerated, she gave birth to a son, Noah, who was not detained. The whereabouts of his father were unknown. The agency offered mother family maintenance services for Noah. However, there were concerns that she was testing positive for marijuana.

On October 24, 2019, the agency filed its report for the section 366.26 hearing, recommending the juvenile court terminate parental rights and select adoption with the children's caretakers as their permanent plan. The agency considered the children adoptable and the caretakers were committed to adopting them. Mother had had no contact with the children since May 2019.

On November 22, 2019, mother filed a section 388 petition, asking for reunification services and increased visitation. She alleged she began services and requested visitation as soon as she was released from custody on October 18. She completed drug-exposed infant training and a substance abuse assessment, tested negative for drugs 10 times and consistently attended Narcotics Anonymous/Alcoholics Anonymous meetings. She was also on a waiting list for parenting classes and cardiopulmonary resuscitation training. She had been actively involved in the children's

4

lives until their removal and she had a strong bond with them. The court set a hearing on her petition for December 23, 2019.

The agency recommended the juvenile court deny the section 388 petition, given mother's history, the children's need for a stable placement and their contentment with the foster parents. The foster parent stated that Christopher was insecure after visits with mother resumed. He stated he did not want to move and repeatedly told the foster parent he loved her. He also asked her if she did not want him anymore.

On December 23, 2019, the juvenile court conducted a contested hearing under sections 388 and 366.26. Mother testified she visited the children twice since her release from custody. She acknowledged not visiting them since May or participating in services, explaining she was struggling with her addiction and did not want to engage until she could "really do it honestly." However, she realized her children needed her and that she had caused them harm. She wanted a fair opportunity to be there for them and to show the court she could be a responsible parent, person and member of society. Her lifestyle had taken a toll on her and she wanted to change. She wanted to do better for the children and for herself.

When the boys arrived for visits, Christopher ran to her and yelled " 'mom' " and held onto her. Nicolas was a little hesitant. However, when she called him " 'Nico,' " he ran to her and embraced her. She began substance abuse treatment in October 2019 which was her second attempt at recovery. This time was different because she was more accountable. Noah was doing well in her care. Asked why reunifying with her would be in Christopher's best interest, mother stated, "[b]ecause I'm his mother and I deserve that right, to have an opportunity to prove to my children and to myself that I can do this."

Mother's attorney argued that her ability to safely parent Noah indicated she could be trusted to reunify with Christopher and Nicolas and urged the court to give her that chance. If the court denied her section 388 petition, her attorney asked that the court select legal guardianship rather than adoption as the children's permanent plan.

The juvenile court found mother established there had been a change of circumstances under section 388 but failed to show providing her reunification services was in the children's best interest and denied her petition. The court terminated parental rights after finding the children were likely to be adopted and the beneficial parent-child exception to adoption did not apply because mother did not consistently visit the children. The court further found the bond between mother and the children was not so strong as to outweigh the benefit they would receive through adoption. The court set a permanency plan review hearing for June 8, 2020.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, the juvenile court conducted a combined hearing under sections 388 and 366.26. Section 388 allows a parent to petition the court to change a prior order on the grounds that there is new evidence or circumstances have changed such that the proposed new order would better serve the child's interests. The parent bears the burden of proof by a preponderance of the evidence. (§ 388; *In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) Under section 366.26, the court's focus is on whether it is likely the child will be adopted. If the court finds the child is adoptable, it must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B).

The juvenile court denied mother's section 388 petition, finding she failed to establish that providing her family reunification services inured to the children's best interest. The court found the children were adoptable, none of the exceptions applied and terminated parental rights.

6

Mother does not argue the juvenile court erred in denying her section 388 petition or terminating her parental rights.  Instead, she seeks an opportunity to reunify with the children based on her continuing efforts and desire to parent them.  We conclude mother failed to raise any arguable issues from the termination hearing that merit briefing.  Though we are not required to, we have reviewed the record as it relates to the combined hearing under sections 388 and 366.26 and we have found no arguable issues for briefing.  (*Phoenix H*., *supra*, 47 Cal.4th at pp. 841–842.)  Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.